NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL SALVADOR TORRES-PEREZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 15-71035 Agency No. A205-970-595 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Manuel Salvador Torres-Perez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Torres-Perez failed to establish he would be persecuted on account of a cognizable particular social group or any other protected ground.[1] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (concluding that an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Torres-Perez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Torres-Perez failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

---

[1]   Torres-Perez does not challenge the agency's determination that he did not demonstrate changed or extraordinary circumstances sufficient to excuse his untimely asylum application.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**